# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1844
## AT SALEM.

PRESENT.

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices
Hon. SAMUEL HUBBARD,

---

### Stephen Minot vs. Franklin Brickett

When a defendant obtains a discharge under the United States bankrupt act, after action brought, the plaintiff cannot, on summoning in the assignee, recover judgment against the defendant, for the purpose of fixing the amount of the demand and filing the judgment as the basis of a claim to a dividend.

A. brought an action, in the court of common pleas, against B. & C.. on a note signed by them as partners, and amended his declaration, at the third term, by striking out the name of C.: B. then moved for leave to plead in abatement the nonjoinder of C., which motion was overruled: B. then pleaded the general issue and went to trial, and a verdict was returned against him: He thereupon alleged exceptions, and the supreme judicial court set aside the verdict, and remanded the case to the court of common pleas, with directions that B. be allowed to withdraw his plea of the general issue and file a plea, in abatement, of the nonjoinder of C.: B. filed such a plea, and A. demurred to it: A. afterwards summoned in B.'s assignee in bankruptcy, who, by leave of the court, withdrew the plea in abatement, and pleaded the general issue, and filed, as a specification of defence, the discharge of B., under the United States bankrupt act of 1841, dated after the said plea in abatement was filed, but taking effect from a day previous to the filing thereof: On proof of this discharge, a verdict was returned against A. *Held*, that the proceedings before the last trial did not entitle A. to a verdict, nor to a judgment on the first verdict returned for him, but that the said discharge was a good defence to the action.

Assumpsit on a promissory note for $326·49, dated January 1st 1838, signed by the defendant and William Pecker, late partners, and payable to Hersey & Whittier, or order, and by them indorsed to the plaintiff. Trial in the court of common pleas, December term 1843, before *Williams*, C. J. who made the following report thereof:

At the June term of the court of common pleas, in 1843, Alfred Kittredge, assignee of the defendant under the United States bankrupt act of 1841, who had been summoned in, at the suggestion of the plaintiff, appeared and took upon himself the defence of the suit, pleaded the general issue, and gave notice, by way of specification of defence, that he should rely on the discharge of the defendant and also of said Pecker & Brickett, under said bankrupt act, on the 5th of July 1842, which took effect from the 3d of February preceding. The plaintiff objected to the allowance of this plea ; but his objection was overruled, and he thereupon joined the issue. Upon the trial, the plaintiff admitted the discharge of the defendant, as it was stated in said notice ; but he objected, that by reason of former proceedings in this case, (which are hereinafter stated,) "the said Kittredge, said assignee, was by law precluded from availing himself of the said discharge, and that such discharge did not justify a verdict for the said Kittredge, as assignee. But the court overruled the said objections, and instructed the jury that such discharge was a legal defence and entitled the assignee to a verdict." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

The former proceedings in this case, above referred to, were these : The action was commenced against both Pecker and Brickett, at the September term of the common pleas, in 1840, but the writ was not served on Pecker. When the plaintiff entered the action, he also entered upon the docket these words ; "the plaintiff moves for leave to strike out the name of Pecker and proceed against Brickett." At the April term 1841, the plaintiff actually moved the court for such leave. The defendant's counsel objected, and stated that he was authorized to appear for both defendants ; and it appeared that he had

entered his name, generally, for the defence, at the first term The court, however, allowed the plaintiff's motion. The defendant then moved for leave to plead in abatement the nonjoinder of Pecker ; but the court overruled the motion. The cause then went to trial, on the general issue, and the plaintiff offered the above described note in evidence. The defendant objected that there was a variance between the proof thus offered and the declaration as amended. This objection was overruled, and a verdict was returned for the plaintiff. The defendant thereupon alleged exceptions to the rulings of the court.

The case was brought into the supreme judicial court, on said exceptions ; and said court, at November term 1841, ordered that " the verdict for the plaintiff, in the court of common pleas, be set aside, and the case remanded to the court of common pleas, with directions that the defendant be allowed to withdraw his plea of the general issue, and file a plea in abatement, as specified in the bill of exceptions."

At the March term of the court of common pleas, in 1842, the defendant pleaded the nonjoinder of said Pecker in abatement, and the plaintiff demurred to said plea. At the following June term, the plaintiff obtained an order of notice to Alfred Kittredge, assignee of the defendant, to come in and defend the action. At the March term, in 1843, this entry was made on the docket : " Assignee has leave to withdraw plea in abatement, and plead general issue."

*Minot, pro se.*

*O. P. Lord,* for the defendant.

DEWEY, J. Two questions are raised in the present case.

1st. Whether it is competent for the plaintiff, notwithstanding the discharge of the defendant by a certificate in bankruptcy, to proceed in the cause against the assignee, and take a judgment for the amount of his demand, after summoning the assignee to appear in the action and take upon himself the defence thereof. It is not contended by the plaintiff, that he can proceed to take judgment against his debtor, Brickett, with the ordinary right to take out execution and levy it upon his property or body. The view taken by the plaintiff is, that although

the judgment debtor is discharged, and the suit thereby ended, as respects him, yet he may proceed in the manner in which suits are prosecuted against administrators and executors sum moned into court upon the decease of the defendant whose estate they represent, and that the effect of a judgment will be, to fix the amount of the plaintiff's demand against the bank rupt, which he may be entitled to file with the assignee, as the basis of his claim for a dividend. It is true, in cases of an estate of an insolvent debtor who dies pending an action, that further proceedings may be had in the case, with a view of ascertaining the amount of the deceased's debt. But all the effect which is given to such further proceedings, and such judgment, is derived wholly from statute provisions. There is no corresponding provision in the bankrupt act, and no such mode provided for settling any controversy that may arise as to the validity of any claim that may be in litigation at the time when the proceedings in bankruptcy may be instituted. The bankrupt act does provide that an assignee may come in and defend a suit pending against the bankrupt. This provision may be adopted, if the assignee finds it for the interest of the creditors; as it might be, if cases were pending in which the debtor was a party, involving questions as to his rights of prop erty, as suits in replevin, &c.

2d. The plaintiff further insists that, however the question we have been considering may be decided, he is entitled to a judgment, and that the defendant, in the present instance, cannot avail himself of his discharge under the bankrupt law, by reason of the peculiar state of this case, arising from the prior proceedings in the action. These facts are, that the plaintiff had obtained a verdict in the court of common pleas, at March term 1841. This court subsequently set aside that verdict and gave the defendant leave to plead the nonjoinder of William Pecker in abatement. Such plea in abatement was filed, and the plaintiff demurred to it. Subsequently, this plea, on motion of the defendant, was withdrawn, and the general issue was pleaded, and the discharge in bankruptcy relied upon in a specification of defence. Now, it is contended by the plaintiff, that it was not competent for the court of common pleas to a.

low this change in the pleadings, and thereby open this defence of the discharge; because the case was removed to that court for a special purpose, and the defendant had declined availing himself of the special privilege, granted by order of this court, to file a plea in abatement, but had voluntarily waived the same; and therefore the plaintiff ought now to have judgment on his verdict rendered at March term 1841. It seems to the court, however, that this view of the case cannot be sustained, inasmuch as the verdict, upon which the plaintiff proposes to take his judgment, was set aside by this court in November 1841. It has no longer any efficacy, and cannot now be relied on as the foundation of a judgment in favor of the plaintiff.